# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ANTONIO ACEVEDO-RAMIREZ<br><br>　　　　　Defendants. | 1:12-cr-000227 LJO<br><br>ORDER RE DEFENDANT'S REQUEST FOR EQUITABLE RELIEF (Doc. 16) |

On April 1, 2013, Defendant Antonio Acevedo-Ramirez pled guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Doc. 10. He was sentenced on the same day to 63 months custody. Docs. 10 & 11 (Judgment and Commitment). He now petitions the Court for "equitable relief." Doc. 16. Specifically, he requests that this Court grant him "immediate release" to aid his ailing, elderly grandparents who reside in Mexico, or, alternatively, order that his federal sentence be made to run concurrent, *nunc pro tunc*, to his 20-month state sentence that was pending at the time of his federal plea and sentencing. *Id*. He has also submitted an exhibit in connection with his request. Doc. 17. The Court has reviewed Defendant's request and the supplemental exhibit in light of the entire record and finds that his request does not present any issues over which this Court has jurisdiction to act.

With regard to Defendant's request for immediate release to allow him to aid his grandparents, this Court lacks jurisdiction to modify his sentence for this reason on the present record. A district court has the authority to modify a valid sentence only when such authority is expressly authorized by statute.

1

*See, e.g., United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000). Pursuant to Title 18, United States Code, Section 3582(c), "the court may not modify a term of imprisonment once it has been imposed" unless the case fits within one of the following three exceptions: (1) if the Director of the Bureau of Prisons ("BOP") moves for a reduction in the term of imprisonment (a) due to extraordinary and compelling reasons, or (b) because the defendant is at least 70 years old, has served at least 30 years in prison and is no longer a danger to the safety of the community; (2) if Rule 35 of the Federal Rules of Criminal Procedure ("Rule 35") permits modification of the sentence; or (3) if the defendant has been sentenced to a term of imprisonment based on a range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Here, the only possible statutory basis for petitioner's request for early release would be under the first exception, 18 U.S.C. § 3582(c)(1) (A), which is also referred to as the "compassionate release" provision. However, a district court may not reduce a sentence pursuant to this provision unless the Director of the BOP files a motion for such a reduction. Because the record reflects that no such motion has been filed in this case, the Court lacks authority to modify his sentence under § 3582(c). *See, e.g., Crawford v. Woodring*, No. CV 08-362-GW, 2009 WL 6575082, at *5 (C.D. Cal. Dec. 11, 2009), *report and recommendation adopted*, No. CV 08-362-GW PLA, 2010 WL 2353386 (C.D. Cal. June 7, 2010) (finding no jurisdiction to grant compassionate release absent a motion from the BOP); *see also United States v. Iribe-Beltran*, No. CR-05-36-S-BLW, 2009 WL 1891555, at *8 (D. Idaho July 1, 2009); *Slate v. United States*, 2009 WL 1073640, at *3 (S.D. W. Va. April 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."); *Overstreet v. Francis*, 2008 WL 644766, at *2 (N.D. W. Va. March 6, 2008) ("[I]n the absence of a motion by the BOP, this Court lacks authority to grant a compassionate release on the basis of the petitioner's asserted medical conditions.").

   As to his request to run his federal sentence concurrent with the state sentence he was serving at the time of his sentence, Defendant likewise fails to present a request over which this Court has jurisdiction. In general, when made outside the 14-day timeframe for correction of sentence set forth in

Rule 35(a), a request to run a federal sentence concurrent with a state sentence must be brought as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993) (explaining that a challenge to a sentence brought outside the timeframe set forth in Rule 35 may be construed as a § 2255 motion). However, in this case Defendant agreed as part of his guilty plea that "any sentence imposed in this case will be served consecutively to any other sentence that he might now be serving." Doc. 9 at 3 (term 4(d)). He also agreed to waive his rights to appeal his plea, conviction and sentence, including any right to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise. *Id*. (term 4(f)).

Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000), and the waiver is knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). "[A] plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Here, there can be no dispute that Petitioner expressly waived his right to file a § 2255 motion as part of his plea agreement.

Notwithstanding an express plea waiver of the right to file a motion pursuant to § 2255, a defendant may not waive claims challenging the knowing and voluntary nature of the plea agreement, or the voluntariness of the waiver itself, including any claim that counsel was ineffective in the context of his plea negotiation and acceptance. *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). Here, however, nothing in Defendant's request suggests any intent to challenge the voluntariness of his plea, entry into the waiver agreement, or any aspect of his counsel's performance related to the same. Therefore, although a court can, after providing warning to a defendant[1], construe a pro se motion as one brought under § 2255, the Court declines to do so here because: (1) Defendant has not characterized his

---

[1] Before recharacterizing a pro se filing as a § 2255 motion, a court must notify prisoner of its intent, advise him of the restrictions against second motions to vacate, and provide him with an opportunity to withdraw his motion or to amend it to raise all the claims he believes he has in one timely § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).

motion as such; (2) Defendant's plea agreement waives the right to bring a § 2255 motion; and (3) nothing in Defendant's request suggests any intent to challenge the voluntariness of that plea. Absent a cognizable § 2255 motion, this Court has no jurisdiction to act upon Defendant's request. Therefore, the request is DENIED.

IT IS SO ORDERED.

Dated: **November 4, 2016**          **/s/ Lawrence J. O'Neill**
                                     UNITED STATES CHIEF DISTRICT JUDGE